UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. McCURDY,<br><br>       Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>       Defendants. | Case No.: 1:17-cv-01356-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY MERITS-BASED DISCOVERY, GRANTING DEFENDANT'S MODIFY THE DISCOVERY AND SCHEDULING ORDER, AND GRANTING PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO AMEND THE PLEADINGS<br><br>[ECF Nos. 34, 43, 44] |

Plaintiff James C. McCurdy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 8, 2019, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies, and a motion for a protective order to stay all merits-based discovery pending resolution of the exhaustion motion.

On May 10, 2019, Plaintiff filed a motion for an extension of the deadline to amend the pleadings. Defendant did not file an opposition to Plaintiff's motion and the time to do so has expired.

On May 13, 2019, Defendant filed a motion to modify the discovery and scheduling order.

On May 31, 2019, Plaintiff filed an opposition to Defendant's motion for summary judgment, but it did not address the motion for protective order or motion to modify the discovery and scheduling order. Accordingly, the Court deems the matter suitable without a reply pursuant to Local Rule 230(l).

///

1

# I.

# DISCUSSION

### A. Motion for Protective Order

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claims against him if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Here, there is no opposition to Plaintiff to the stay of discovery. Therefore, Defendant is entitled to the stay of discovery he seeks. Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion to stay all merits-related discovery pending resolution of their exhaustion motion shall be granted. Fed.

R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

### B. Motions to Extend Deadlines in Scheduling Order

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Pursuant to the November 8, 2018, discovery and scheduling order, the deadline to amend the pleadings is May 8, 2019, the deadline for completion of all discovery is July 8, 2019, and the deadline to file a dispositive motion is September 19, 2019. (ECF No. 33.)

Plaintiff seeks a thirty-day extension of the deadline to amend the pleadings, and Defendant requests that the Court vacate the discovery and dispositive motions deadlines to be reset if necessary after a final ruling on the pending exhaustion-related motion for summary judgment.

///

///

On the basis of good cause, the Court will grant both parties' requests, and extend the deadline to amend the pleadings by thirty days and vacate the discovery and dispositive motions to be reset, if necessary.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for a protective order staying all merits-based discovery is granted, and all merits-based discovery is stayed;
2. The deadline to amend the pleadings is extended to **July 8, 2019**;
3. Defendant's request to vacate the discovery and dispositive motion deadlines is granted; and
4. The Court will issue an amended discovery and scheduling order once a final ruling on Defendant's pending motion for summary judgment

IT IS SO ORDERED.

Dated: **June 4, 2019**

UNITED STATES MAGISTRATE JUDGE