**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES C. McCURDY,<br><br>        Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01356-NONE-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 68) |

Plaintiff James C. McCurdy is appearing *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed April 6, 2020.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

/ / /

/ / /

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances exist to justify appointment of counsel. Plaintiff argues that he is not well versed in the law, has limited access to legal documents because he is housed in segregation and that he has made serious allegations which, if proved, would entitle him to relief. However, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not.

Plaintiff argues that his claims are complex because he has brought multiple claims alleging excessive force and battery but the Court sees similar claims on a regular basis. Plaintiff contends that his case will require him to conduct discovery and will involve conflicting testimony, but these circumstances exist in almost every case before the court. Although Plaintiff alleges that he has mental health issues, he has not identified how they issues will impact his ability to litigate this action and, based on the record, he has demonstrated the ability to articulate his claims and has defeated Defendant's motion for summary judgment for failure to exhaust.

Considering the nature of Plaintiff's excessive force claims together with Plaintiff's ability to articulate his claim and filings in this matter, the Court does not find exception circumstances exist to justify appointment of counsel. Circumstances common to most prisoners, such as lack of legal education and limited law library access, the need to conduct discovery, and the request for a jury trial, do not establish exceptional circumstances that would warrant a request for voluntary assistance of

counsel. Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 8, 2020**

_____
UNITED STATES MAGISTRATE JUDGE