UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. McCURDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. KERNAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01356-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE WITNESS CHRISTOPHER PRICE<br><br>(ECF No. 74) |

　　　　Plaintiff James C. McCurdy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial before the undersigned on May 4, 2021, at 8:30 a.m.

　　　　Currently before the Court is Plaintiff's motion for the attendance of inmate witness Christopher Price, filed November 30, 2020. Defendant filed an opposition on December 11, 2020. (ECF No. 79.) For the reasons set forth below, Plaintiff's motion will be granted.

**I.**

**DISCUSSION**

　　　　The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of

the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

This action is proceeding on Plaintiff's claim that Defendant officer Bautista for excessive force during a cell extraction. More specifically, Plaintiff claim is based on the factual allegations that Bautista entered his cell with a shield, "grabbed ahold of [his] testicles and penis" and "began squeezing hard" and "throwing punches into [his] genitals until he "completely went limp." (Am. Compl., ECF No. 16 at 15-16.) In screening Plaintiff's complaint, the Court found that Plaintiff's other allegations, including allegations of officers pepper-spraying him, crashing into him, hitting him with a baton, and forcibly extracting him from his cell, failed to state a cognizable claim, given Plaintiff's continued refusal to comply with the officers' orders. (Screening Order, ECF No. 17 at 9-10; see also Am. Compl., ECF No. 16 at 15-16.)

Plaintiff seeks an order requiring that inmate Christopher Price be brought to court to testify at trial. In support of his request, Plaintiff submits a declaration by inmate Price. (ECF No. 74.) Price declares, in pertinent part, as follows:

> On 4/18/16 custody officials approached i/m McCurdy's cell at aprox. 6 am and asked him to cuff up and transfer. He refused and stated yet again that he needed to share his concerns before considering any type of transfer. About an hour later Lt. Espinoza approached i/m McCurdy's cell and told him that if continued to refuse to transfer they would use force to remove him then put him on the bus and destroy his property.
>
> At aprox. 10 am the extraction team entered 4A1R with battering ran and equipment. The officers gathered in front of cell #8 with masks and gear. A c/o told McCurdy to exit the cell and no force would be used. When he refused two officers cleared the door with the battering ram. Then I witnessed the officers announce they would begin using the OC. Then sprayed the OC into cell #8. I heard i/m McCurdy coughing and gagging, but he still refused to cuff up. Sgt. Hubbard administered 3 bursts of OC spray before the team opened the door. When the door popped I witnessed 4 of 5 officers enter McCurdy's cell. After a little commotion the Sgt said okay we have him in restraints.

Then McCurdy began screaming at the top of his lungs after more officers entered the cell. After several minutes I witnessed the team carry McCurdy from his cell and place him face down. Then a c/o said that McCurdy refused to decontaminate. At which time they escorted McCurdy from the block without any further incident.

(ECF No. 74 at 3-4.)

Defendant opposes Plaintiff's motion and argues Plaintiff has failed to provide facts to demonstrate that inmate Price has relevant and non-cumulative information.

After weighting the relevant factors and based on the review of Price's declaration, the Court finds that he has first-hand knowledge of the April 18, 2016 incident involving Defendant Bautista that is relevant and may corroborate Plaintiff's case. Thus, Plaintiff has sufficiently demonstrated that Mr. Price's presence at trial will substantially further the resolution of the case. While the Court is not ruling on the admissibility of Price's testimony and Defendant may object to the testimony at trial, Plaintiff has presented a viable argument that the testimony should not be summarily excluded. Accordingly, Plaintiff's motion for the attendance of inmate Christopher Price shall be granted.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the attendance of inmate witness Christopher Price is granted, and the Court will issue the necessary writ of habeas corpus ad testificandum in due course.

IT IS SO ORDERED.

Dated:   **December 15, 2020**

UNITED STATES MAGISTRATE JUDGE