UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. McCURDY,<br><br>        Plaintiff,<br><br>   v.<br><br>S. KERNAN, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01356-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>(ECF No. 84, 91) |

Plaintiff James C. McCurdy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

# I.

# RELEVANT BACKGROUND

This action is proceeding against Defendant Bautista for excessive force in violation of the Eighth Amendment.

The case is currently set for jury trial before the undersigned on May 4, 2021, at 8:30 a.m.

On January 28, 2021, Defendant filed motions in limine one through four. (ECF No. 84.) On February 22, 2021, Plaintiff filed motions in limine and a separate request to schedule a settlement conference before the Court. (ECF Nos. 90, 91.)

On February 24, 2021, Plaintiff filed an opposition to Defendant's motions in limine. (ECF No. 93.)

On this same date, the Court vacated the motions in limine hearing and took the motion under submission for written decision. (ECF No. 94.)

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## III.

## MOTIONS IN LIMINE

**A.     Plaintiff's Motions in Limine**

Plaintiff seeks to exclude evidence of his and any of his witnesses prior convictions and prior disciplinary history.

In opposition, Defendant argues Plaintiff and his inmate witnesses prior felony convictions are relevant to bear upon their credibility. In addition, Plaintiff's disciplinary history is admissible.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it, whichever is later.  Fed. R. Evid. 609(b).

For the purpose of attacking a witness's truthful character, evidence that a witness has been convicted of a crime that was punishable by imprisonment in excess of one year shall be admitted subject to Rule 403. Fed. R. Evid. 609(a)(1)(A).  Prior convictions involving elements or admitted acts of dishonesty or false statements may also be used to impeach, regardless of the length of incarceration. Fed. R. Evid. 609(a)(2).  Under Rule 609(b), prior convictions older than ten years are admissible for impeachment purposes if their probative value substantially outweighs any prejudicial effect and reasonable written notice of intent to use is given. Fed. R. Evid. 609(b).

The Ninth Circuit has outlined five factors for courts to consider when balancing the probative value of evidence against the prejudicial effect under Rule 609: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of [the party's] testimony; and (5) the centrality of [the party's] credibility." United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000).  With regard to the ten-year limit under Rule 609(b), the Ninth Circuit has cited favorably to the committee notes from the adoption of the rule, which state in part that "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Simpson v. Thomas, 528 F.3d 685, 690 (9th Cir. 2008) (quoting Fed. R. Evid. 609 advisory committee notes).

1.    Prior Convictions

Here, Defendant seeks to introduce Plaintiff's February 26, 2020 and July 11, 2011 convictions.  With regard to Plaintiff's witness, Defendant seeks to introduce his February 21, 2018 and February 4, 2004 convictions.  It does not appear that any of Plaintiff's or his witness's prior convictions involved dishonesty or a false statement, thus ruling out admission under Rule 609(a)(2).

///

**Ruling:** Plaintiff's motion in limine is denied. Plaintiff's 2020 conviction for battery on a non-confined person by a prisoner falls under Rule 609(a)(1), which means admission for impeachment is mandated unless its probative value as to Plaintiff's trustworthiness is substantially outweighed by unfair prejudice or another concern set forth in Rule 403. The 2020 battery conviction is similar to the excessive force and battery claims at issue in this action, Plaintiff's testimony and credibility are important to this case, and the conviction is recent. On balance, the Court finds the substantial value is not outweighed by any unfair prejudice.

Plaintiff's 2011 conviction for transportation/sale of a controlled substance is less than ten years old, and is admissible unless its probative value as to Plaintiff's trustworthiness is substantially outweighed by unfair prejudice or other reason under Rule 403. Fed. R. Evid. 609(a). The Court finds the probative value of the 2011 felony conviction is not substantially outweighed by any unfair prejudice to Plaintiff, and the conviction is admissible to impeach Plaintiff's credibility. However, Defendant is limited to referencing that Plaintiff has been convicted of a felony and is serving a prison sentence. Defendant may not inquire as to the details of the 2011 conviction. In addition, any reference to all prior convictions is limited to impeachment if Plaintiff testifies to the contrary.

With regard to Plaintiff's witness, the February 2018 conviction for assault with a deadly weapon by a prisoner is less than ten years and is admissible unless its probative value as to Plaintiff's trustworthiness is substantially outweighed by unfair prejudice or other reason under Rule 403. Fed. R. Evid. 609(a). The assault conviction is similar to the incident at issue in this case, the witness's credibility is important, and the conviction is fairly recent. On balance, the Court finds the substantial value is not outweighed by any unfair prejudice. The 2004 conviction for second degree murder is over ten years old, and is admissible if the probative value substantially outweighs unfair prejudice. The Court finds the probative value is not substantially outweighed by any unfair prejudice to Plaintiff because it relates to his credibility. However, Defendant is limited to referencing that Plaintiff has been convicted of a felony and is serving a prison sentence. Defendant may not inquire as to the details of the 2004 conviction. In addition, any reference to all prior convictions is limited to impeachment if Plaintiff testifies to the contrary.

///

2.      Plaintiff's Disciplinary History

Plaintiff seeks to exclude his disciplinary history.

Defendant argues that because Plaintiff "admittedly refused numerous orders and coaxing by custody and clinical staff to voluntarily leave his cell[.]" a cell extraction was ordered and Defendant Bautista was assigned as the " 'shield man,' i.e. the first person to enter the cell in an attempt to physically remove [Plaintiff]." In addition, the cell extraction took place in the Security Housing Unit at California State Prison, Corcoran.

Defendant submits that Plaintiff's assigned to the Security Housing Unit was the result of a Battery on an Inmate with Serious Gassing (May 15, 2015), and Plaintiff has been disciplined for Battery on an Inmate With Serious Bodily Injury (October 22, 2014), Battery on an Inmate (June 24, 2014), Fighting (January 20, 2009), and Attempted Battery (October 30, 2007). (Largent Decl. ¶ 5, ECF NO. 92-1.) In addition, at the time of the incident, a pending Rules Violation Report for Attempted Murder of Peace Officer with a Weapon (August 18, 2015). Defendant contends the jury should be apprised of Plaintiff's violent disciplinary history because it is essential to understanding the cell-extraction strategy and Defendant Bautista's state of mind during the extraction.

Defendant reasons he "intends to present evidence that th[e] cell extraction was not akin to entering the cell of a low-level offender with no disciplinary history. Rather, Captain Lesniak apprised the entire cell-extraction team, including [Defendant] Bautista, of [Plaintiff's] violent disciplinary history before entering [Plaintiff's] cell. And, to the extent that [Plaintiff's] genitals were incidentally injured while [Defendant] Bautista struggled to forcibly extract him from his cell, Bautista intends to show that it was the result of harrowing attempts—against an inmate with a violent disciplinary history…." (Def.'s Opp'n at 4, ECF No. 92.) Thus, Defendant seeks admission of Plaintiff's violent disciplinary history to show his state of mind at the time of the cell extraction. Fed. R. Evid. 404(b)(2).

**Ruling:** Plaintiff's motion in limine is granted as his prior disciplinary violations are not relevant to the matter at hand. This is particularly so given that the excessive force claim is limited to the allegations that after Plaintiff was in restraints, Defendant Bautista grabbed Plaintiff's testicle and penis and began to squeeze hard and punched him in the genitals until Plaintiff was limp. The nature

and circumstances of Plaintiff's prior disciplinary violations are not relevant and do not explain the use of force in the manner alleged in this action.  Although Defendant contends that he had knowledge of the Plaintiff's violent history prior to the cell extraction, his prior disciplinary proceeding evidence is not admissible because the Court can think of no circumstances whereby Defendant's alleged conduct would be reasonable under the circumstances.  Plaintiff's prior disciplinary violations would not be probative to show why the Defendant allegedly grabbed and punched him in the way they are alleged to have done (in his genital area) after Plaintiff was placed in restraints.  This case boils down to credibility.  Therefore, Plaintiff's motion to exclude his prior disciplinary violations is granted based upon Federal Rules of Evidence 401, 402 and 403.  However, if Plaintiff presents testimony that is inconsistent with his prior disciplinary history or if he presents evidence to suggest that defendants over staffed the cell entry which is not relevant to the limited claim at issue here, the Court will allow Defendant to renew the argument that such evidence should be admissible.

### B. Defendant's Motions in Limine

Defendant seeks to exclude: (1) Plaintiff from presenting evidence regarding injuries not at issue in this action; (2) evidence of exhaustion issue not relevant to trial; (3) improper opinion testimony; and (4) letter from defense counsel.

#### 1. Evidence Regarding Injuries Not at Issue in Action

In screening the first amended complaint, this Court found that Plaintiff stated a cognizable excessive force and battery claim against Defendant Bautista for grabbing "ahold of [Plaintiff's] testicles and penis" and "squeezing hard" and "throwing punches into [Plaintiff]'s genitals."  (ECF No. 17, at 9-10, 16.)  The Court, however, found that all of Plaintiff's other allegations, including allegations of officers pepper-spraying him, crashing into him, hitting him with a baton, and forcibly extracting him from his cell, failed to state a claim, given Plaintiff's refusal to comply with officials' orders.  (Id.; ECF No. 16, at 15-16.)

Defendant argues the Court should preclude Plaintiff from presenting evidence regarding any injury from the cell extraction, except for those he contends were caused by Defendant Bautista allegedly grabbing and punching of his genitals.

///

///

**Ruling:** Defendant's motion in limine is granted because evidence of any other alleged injuries does not concern any fact of consequence relating to Plaintiff's claim in this action. Fed. R. Evid. 401, 402. In addition, any probative value of this evidence is substantially outweighed by the danger of it unfairly prejudicing Defendant Bautista.[1] Fed. R. Evid. 403.

2. <u>Evidence of Exhaustion Issue</u>

In his pretrial statement, Plaintiff indicates that he intends to present this Court's findings and recommendations to deny Defendant Bautista's exhaustion-based motion for summary judgment, Plaintiff's opposition to Defendant's motion, and several grievances. (Pl.'s Pretrial Stmt., ECF No. 75 at 6, Ex. No. 13.)

**Ruling:** Defendant's motion in limine is granted. Plaintiff's exhaustion efforts do not concern any fact or consequence related to merits of Plaintiff's excessive force and battery claims in this action. Fed. R. Evid. 401, 402. In addition, any probative value of the evidence related to Plaintiff's exhaustion efforts is substantially outweighed by the danger of it confusing the issues and wasting time. Fed. R. Evid. 403.

3. <u>Improper Opinion Testimony</u>

Defendant seeks to exclude Plaintiff from offering improper medical testimony.

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

///

---

[1] Furthermore, Defendant submits that during the parties meet and confer, Plaintiff indicated he agreed that evidence of injuries arising from anything except grabbing and punching of his genitals by Defendant Bautista is irrelevant and should be excluded. (Miller Decl. ¶ 3.)

///

**Ruling:** Defendant's motion in limine is granted. Plaintiff may testify as to what he observed and experienced as a result of the April 18, 2016 incident; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records.

    4.    Letter from Defense Counsel

Plaintiff identifies as a trial exhibit a letter from defense counsel related to Plaintiff's ability to depose Defendant Bautista. (Pl.'s Pretrial Stmt., ECF No. 75 at 6; Miller Decl. ¶ 4, Ex. A.) In the letter, defense counsel indicated that he would not assist Plaintiff with the deposition of Defendant, but that Plaintiff was free to file a motion on the matter. (Id.)

**Ruling:** Defendant's motion in limine is granted. Plaintiff's ability to take depositions is not relevant to the merits of his case against Defendant Bautista and shall be excluded under Federal Rules of Evidence 401 and 402. In addition, any probative value is substantially outweighed by the danger of it unfairly prejudicing Defendant Bautista. Fed. R. Evid. 403. It may lead juror to erroneously believe that Defendant Bautista is responsible for assisting Plaintiff with a deposition, even though Plaintiff could have filed a motion on the matter and paid for the deposition from his own funds. See, e.g., Harris v. Kuersten, No. 2:17-cv-0680-TLN-KJN, 2019 WL 1745870, at *1 (E.D. Cal. Apr. 18, 2019) ("To take the depositions of defendants, plaintiff must pay for the services of a court reporter from his own funds.").

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to exclude his prior convictions is denied;
2. Plaintiff's motion to exclude his prior disciplinary violations is granted;
3. Defendant's motion to exclude Plaintiff from presenting evidence regarding any injury from the cell extraction, except for those he contends were caused by Defendant Bautista allegedly grabbing and punching of his genitals is granted;

4. Defendant's motion to exclude Plaintiff from presenting evidence of his exhaustion efforts is granted;

5. Defendant's motion to exclude Plaintiff from offering medical opinion testimony is granted; and

6. Defendant's motion to exclude Plaintiff from presenting evidence regarding his ability or inability to depose Defendant Bautista is granted.

IT IS SO ORDERED.

Dated: **March 26, 2021**

UNITED STATES MAGISTRATE JUDGE