UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. McCURDY,<br><br>            Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>            Defendants. | Case No.: 1:17-cv-01356-SAB (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2021 RULING ON PLAINTIFF'S IN LIMINE MOTION<br><br>(ECF No. 102) |

    Plaintiff James C. McCurdy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    This case is currently set for jury trial on January 25, 2022, and a telephonic pretrial hearing is set for December 10, 2021.

    On March 26, 2021, the Court issued a ruling on the parties' motions in limine. (ECF No. 97.)

    Currently before the Court is Defendant's motion for reconsideration of the Court's March 26, 2021 order granting Plaintiff's motion to exclude evidence of his prior disciplinary violations. (ECF No. 102.) Plaintiff filed an opposition on December 3, 2021. The Court deems the motion suitable for review with the filing of a reply by Defendant.

///

///

///

1

# I.

# DISCUSSION

Local Rule 230(j) provides, in pertinent part:

Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

(1) when and to what Judge or Magistrate Judge the prior motion was made;

(2) what ruling, decision, or order was made thereon;

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

(4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j)(1)-(4).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). It is not appropriate for Cabrera to raise new arguments not previously presented to the court on a motion for reconsideration. 389 Orange Street Partners v. Arnold, 179 F.3d at 665; see Silicon Valley Self Direct, LLC v. Paychex, Inc., No. 15-1055 JED, 2015 WL 5012820, at *2 (N.D. Cal. Aug. 24, 2015) ("Reconsideration does not allow party to raise arguments it should have made earlier."). A reconsideration motion is "not a vehicle for ... presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998).

A party does not get the proverbial second bite at the apple simply because it obtains new counsel during the course of the litigation. As noted, reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise

1  taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52
2  (2d Cir. 2012) (internal quotation marks, alterations, and citation omitted). Further a party is "barred
3  from making for the first time in a motion for reconsideration an argument it could readily have raised
4  when the underlying issue was being briefed but chose not to do so. In other words, a party may not
5  advance new facts, issues or arguments not previously presented to the Court on a motion for
6  reconsideration." Berg v. Kelly, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (internal quotations
7  omitted) (collecting cases).

8      Defendant seeks reconsideration of the Court's March 26, 2021, order granting Plaintiff's in
9  limine motion to exclude his disciplinary history.  Defendant submits that the Court "based its ruling
10 excluding Plaintiff's violent disciplinary history on the fact that the alleged assault occurred *after*
11 Plaintiff was restrained."  (ECF No. 102 at 3) (emphasis in original.)  Defendant argues, however, that
12 Plaintiff's deposition testimony demonstrates that the alleged assault occurred before Plaintiff was
13 restrained in handcuffs, and Plaintiff's violent disciplinary history is relevant to the jury's
14 determination of whether excessive force was used during the incident in question.  Defendant reasons
15 "that new counsel has been assigned to this matter for trial and has reviewed the Plaintiff's sworn
16 deposition testimony and the Court's order relying on the fact that the alleged assault occurred only
17 after Plaintiff was restrained, new counsel has determined that a motion for reconsideration of this
18 ruling I appropriate."  (ECF No. 102 at 4.)

19     A motion for reconsideration is not the correct vehicle to relitigate arguments that should have
20 been made in a prior motion. Brown v. Deputy, No. 12cv1938-GPC-BGS, 2014 WL 4961189, at *3
21 (S.D. Cal. Oct. 3, 2014) (denying motion for reconsideration because the movant "d[id] not base his
22 request for reconsideration on facts newly discovered or new law as is required, but instead attempts to
23 re-argue or clarify points made in his original motion to compel [ ]. A motion for reconsideration,
24 however, is not the proper vehicle for reiterating arguments that have already been raised or for
25 presenting positions that could have been raised at the time the motions at issue were brought."); U.S.
26 v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. Mar. 13, 2001) (stating that "a
27 motion for reconsideration is not a vehicle to reargue the motion").
28

Despite the availability of Plaintiff's deposition transcript, Defendant did not previously raise this argument. Whether Defendant made a strategic decision to omit this argument from the opposition or whether the omission was the product of ignorance, the Court concludes that Defendant is not entitled to a "second bite at the apple." See Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Reconsideration is not an appropriate vehicle for rescuing litigants from their own lack of diligence, and Defendant did not act diligently in bringing the argument about Plaintiff's disciplinary history before the Court. In this respect, Defendant has not satisfied Local Rule 230(j)(4)'s threshold requirement that he explain "why the facts or circumstances were not shown at the time of the prior motion." Defendant's retention of new counsel, alone, is clearly insufficient to support a finding of diligence. See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortgage Services, L.P., 785 F.3d 96, 102 (3d Cir. 2015); Buchanan County, Virginia v. Blakenship, 545 F. Supp. 2d 553, 555 n. 2 (W.D. Virg. Apr. 21, 2008). Defendant cannot relitigate this case simply because he has obtained new counsel. Thus, Defendant's prior counsel's failure to raise these arguments in the first instance provides no basis for reconsideration. See Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 271 (2d. Cir. 1999) ("In the present circumstances, we see no reason to eschew application of the general rule that civil litigants are bound by the acts and omissions of their freely selected attorneys." (citation omitted) ); Pierre v. Planet Auto., Inc., No. 13-cv-675, 2016 WL 6459617, at *4 (E.D.N.Y. Oct. 31, 2016) ("Suzuki's new counsel may be dissatisfied with its predecessor's arguments to the Court, but on a reconsideration motion, Suzuki's new counsel is bound by those arguments."). Accordingly, Defendant's motion for reconsideration of the Court's March 26, 2021, ruling excluding Plaintiff's disciplinary history is denied.[1]

IT IS SO ORDERED.

Dated:   **December 7, 2021**

                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] This ruling is without prejudice and the issue may be renewed at trial if necessary and proper foundation has been laid.