1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES C. McCURDY,                          ) Case No.: 1:17-cv-01356-SAB (PC)
                                                )
12                  Plaintiff,                  )
                                                ) ORDER DENYING PLAINTIFF'S OBJECTIONS
13          v.                                  ) TO THE PRETRIAL ORDER
                                                )
14   S. KERNAN, et al.,                         ) (ECF Nos. 127, 133)
                                                )
15                  Defendants.                 )
                                                )
16   _____        )

17          Plaintiff James C. McCurdy is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          This case is currently set for jury trial before the undersigned on January 25, 2022.  On

20   December 10, 2021, the Court issued the pretrial order.  (ECF No. 121.)  On December 29, 2021,

21   Plaintiff filed objections to the pretrial order.  (ECF No. 127.)  On January 6, 2022, Plaintiff filed

22   amended objections to the pretrial order.  (ECF No. 133.)

23          Federal Rule of Civil Procedure 16(e) provides that the court may modify a pretrial order "only

24   to prevent manifest injustice." The Ninth Circuit set out the factors for making this determination:

25          "the degree of prejudice or surprise to the [other party] if the order is modified; (2) the ability

26          of the [other party] to cure any prejudice; (3) the impact of the modification on the orderly and

27          efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the

28          party seeking the modification."

Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998) ).  After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." Byrd, 137 F.3d at 1132 (citing R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir. 1987)).

Although Plaintiff submits several objections to the Court's December 10, 2021 pretrial order, he fails to provide any basis in support of his objections.  That is Plaintiff has failed to show any "manifest injustice" will result if the undisputed facts remain as stated in the pretrial order and amended pretrial order.  Indeed, it appears that Plaintiff simply filed the proposed amendments as if allowed as a matter of right.  Plaintiff is advised that in issuing the final pretrial order, the Court did not issue a ruling in favor or against Plaintiff on the merits of this case or as to the admissibility of certain evidence.   Accordingly, the Court denies Plaintiff's objections to the pretrial order.

IT IS SO ORDERED.

Dated:   **January 12, 2022**

UNITED STATES MAGISTRATE JUDGE

2