|   |   |
|---|---|
| JAMES C. McCURDY, | ) Case No.: 1:17-cv-01356-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER REGARDING DEFENDANT'S MOTION TO SHACKLE PLAINTIFF DURING TRIAL |
| S. KERNAN, et al., | ) (ECF No. 122) |
| Defendants. | ) |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Plaintiff James C. McCurdy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to shackle Plaintiff during trial, filed December 17, 2021. Plaintiff did not file an opposition and the time to do so has expired.

**I.**

**LEGAL STANDARD**

The Supreme Court has recognized and addressed the potential risks prisoner place on courtroom security in Illinois v. Allen, 397 U.S. 337, 343 (1970), and stated, "[i]t is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country." In Clairborne v. Blauser, 934 F.3d 885, 895, 901 (9th Cir. 2019), the Ninth Circuit held that an inmate may only be visibly shackled during a civil proceeding "when there

1

is an 'individualized security determination' that 'take[s] account of the circumstances of the particular case." There, a state prisoner moved for a new trial on the ground that he was visibly shackled in violation of his due process right to a fair trial. Clairborne, 934 F.3d at 892. The Ninth Circuit ruled that the two-part analysis applicable in criminal cases before an inmate may be visibly shackled for a jury trial applies to civil cases involving incarcerated plaintiffs. Id. at 897-898. Therefore, the Court must be persuaded by compelling circumstances that the measure is necessary to maintain security, and the Court must pursue less restrictive alternatives before imposing physical restraints. Id. at 895.  Compelling circumstances may include a prisoner's status, propensity for violence, and history of unruly conduct. See Wilson v. McCarthy, 770 F.2d 1482, 1485 (9th Cir. 1985).   By itself, prisoner status may not warrant shackling, but it may justify the court's concern for security. Id. "[S]hackling is proper where there is a serious threat of escape or danger to those in and around the courtroom or where disruption in the courtroom is likely in the absence of shackles." Id. (internal citation omitted).  While such measures carry prejudicial effect, the Court's calculus as to their exclusion must also account for security concerns. Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994) ("The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures.").

Defendant seeks to have Plaintiff restrained during trial with leg irons and waists chains (preferably that he be chained to an immobile security chair) because of a manifest need given Plaintiff's disciplinary history, his recent display of animosity toward defense counsel, his Level IV classification score, and other factors.

This is a civil a case and the jury knows that in any Eighth Amendment case the plaintiff is (or has been) an inmate.  This obviates direct comparison from some of the case law that arises from criminal proceedings. See, e.g., Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir. 1995) (holding that shackling during the sentencing hearing in the absence of a compelling need and consideration of less restrictive alternatives constitutes constitutional error).  However, the right to a fair trial is fundamental in civil cases just as it is in criminal proceedings.

Plaintiff has a lengthy disciplinary history dating back several years and includes violent offenses.  Plaintiff is a Level IV, close-custody inmate with 372 classification points, over six times

the minimum amount (60) necessary to qualify for Level IV status-the highest security designation in the CDCR.  (R. Largent Decl. ¶ 3.)  Plaintiff is currently serving five different sentences and has a self-declared moniker of "Rebel." (Id. ¶ 4.)  Plaintiff violent history includes the following incidents: (1) possession of a deadly weapon on April 24, 2020; (2) battery on a prisoner on February 27, 2020; (3) battery on a peace officer on July 21, 2019; (4) battery on a peace officer on June 2, 2019; (5) battery on a peace officer on December 21, 2018; (6) assault on a peace officer on May 3, 2018; (7) manufacture of a deadly weapon on April 25, 2018; (8) battery on a peace officer on February 1, 2017; (9) possession of a deadly weapon on September 2, 2016; (10) battery on a peace officer on April 18, 2016; (11) attempted murder of an officer on April 18, 2016; (12) attempted murder of an inmate on October 22, 2014; (13) battery on an inmate on June 24, 2014; (14) fighting on September 12, 2014; (15) fighting on January 20, 2009; ad (16) attempted battery on an inmate on October 30, 2007.  (Id. ¶ 7.)   In addition, Plaintiff has a history of starting fires, spitting on officers, and damaging/destroying state property.  (Id. ¶ 8.)  Moreover, the incident at issue in this case involved a cell extraction. Furthermore, Plaintiff's maximum-security designation creates an inherent risk of escape.  Based on Plaintiff's history of violence and his status as a Level IV inmate with a lengthy sentence, the Court finds that in this case, security and safety concerns compel the use of shackles at trial.  Plaintiff also has not opposed this motion.  However, so as to lessen any prejudice to Plaintiff, he should be restrained by use of leg irons attached to a cement bucket under the table and not visible to the jury. As long as Plaintiff's conduct is appropriate, his hands will not be shackled. However, if Plaintiff's conduct warrants, the Court may order him to be further shackled and restrained. Accordingly, Defendant's motion for use of restraints at trial is granted.

IT IS SO ORDERED.

Dated:   **January 21, 2022**

UNITED STATES MAGISTRATE JUDGE

3