UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. McCURDY,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01356-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 21, 2022, ORDER REGARDING SHACKLING DURING JURY TRIAL<br><br>(ECF No. 148) |

Plaintiff James C. McCurdy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial before the undersigned on March 1, 2022.

On January 21, 2022, the Court granted Defendant's request to shackle Plaintiff during the jury trial. (ECF No. 147.)

On January 28, 2022, Plaintiff filed an untimely opposition to Defendant's motion for shackling, which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).[1]

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

---

[1] Plaintiff's opposition to Defendant's motion for shackling was due on or before January 7, 2022. (ECF No. 121.)

1

of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Plaintiff contends that he will be prejudiced by the use of shackles at trial and his disciplinary and conviction history do not justify the use of shackles. Plaintiff has failed to present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with Defendant's request for shackling. Furthermore, even if Plaintiff had filed his opposition timely, it would not have changed the Court's analysis regarding the necessity for Plaintiff to be shackled during the jury trial. As stated in the Court's January 21, 2022 order, "[b]ased on Plaintiff's history of violence and his status as a Level IV inmate with a lengthy sentence, the Court finds that in this case, security and safety concerns compel the use of shackles at trial. Plaintiff also has not opposed this motion." (ECF No. 147 at 3.) Any prejudice is minimized by the use of leg restraints attached to a cement bucket under the table and not visible to the jury. (Id.) Accordingly, Plaintiff's motion for reconsideration of the Court's January 21, 2022 order is denied.

IT IS SO ORDERED.

Dated:   **January 31, 2022**

UNITED STATES MAGISTRATE JUDGE